%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)  NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS**
J. PENNOCK GRAHAM, et al

**DEFENDANTS**
CYPRESS CAPITAL GROUP, INC., et al

**(b)** County of Residence of First Listed Plaintiff: Bucks County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Palm Beach County, FL
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Howard K. Coates, Jr., Esq., McDonald Hopkins
505 S. Flagler Drive, Suite 300
West Palm Beach, FL 33405

Attorneys (If Known)
Scott Flint, Esq., Broad and Cassel, 100 N Tampa St. Ste 3500
Tampa, Florida 336025869

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☑ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE                               DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity)**:
Violation of Sections 206 and 215 of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-6, 80b-15.
LENGTH OF TRIAL via __3__ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 10/28/2010

FOR OFFICE USE ONLY
AMOUNT        RECEIPT #        IFP

AO 440 (Rev. 10/2002) Summons in a Civil Case

# UNITED STATES DISTRICT COURT

## Southern District of Florida

Case Number: _____

J. PENNOCK GRAHAM, et al.

                Plaintiff

v.

CYPRESS CAPITAL GROUP, et al

                Defendant

### SUMMONS IN A CIVIL CASE

TO: (Name and address of defendant)

Cypress Capital Group, Inc.
c/o Scott Flint, Esq.,
Broad and Cassel
100 N Tampa St. Ste 3500
Tampa, Florida 33602 5869

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Howard K. Coates, Jr., Esquire
MCDONALD HOPKINS LLC
505 S. Flagler Drive
Suite 300
West Palm Beach, FL 33401
Telephone: (561) 472-2121
Facsimile: (561) 472-2122

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Clarence Maddox**
CLERK OF COURT                               DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/2002) Summons in a Civil Case (Reverse)

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me [1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

G   Served personally upon the defendant. Place where served: _____
_____

G   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
      Name of person with whom the summons and complaint were left: _____
_____

G   Returned unexecuted: _____
_____
_____

G   Other (*specify*): _____
_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL   $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                  Date                                               Signature of Server

                                                                  _____
                                                                  Address of Server

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/2002) Summons in a Civil Case

# UNITED STATES DISTRICT COURT

## Southern District of Florida

Case Number: _____

J. PENNOCK GRAHAM, et al.

                     Plaintiff

v.

CYPRESS CAPITAL GROUP, et al

                     Defendant

### SUMMONS IN A CIVIL CASE

TO: (Name and address of defendant)

Cypress Trust Company
c/o Scott Flint, Esq.,
Broad and Cassel
100 N Tampa St. Ste 3500
Tampa, Florida 33602 5869

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Howard K. Coates, Jr., Esquire
MCDONALD HOPKINS LLC
505 S. Flagler Drive
Suite 300
West Palm Beach, FL 33401
Telephone: (561) 472-2121
Facsimile: (561) 472-2122

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Clarence Maddox
CLERK OF COURT                                                   DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/2002) Summons in a Civil Case (Reverse)

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me [1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |
| *Check one box below to indicate appropriate method of service* | |

    G    Served personally upon the defendant. Place where served: _____
_____

    G    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

          Name of person with whom the summons and complaint were left: _____
_____

    G    Returned unexecuted: _____
_____
_____

    G    Other (*specify*): _____
_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL   $0.00 |

| DECLARATION OF SERVER |
|---|
| I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.<br><br>Executed on _____        _____<br>                Date                                  Signature of Server<br><br>                                                            _____<br>                                                            Address of Server |

AO 440 (Rev. 10/2002) Summons in a Civil Case (Reverse)

    (1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/2002) Summons in a Civil Case

# UNITED STATES DISTRICT COURT

## Southern District of Florida

Case Number: _____

J. PENNOCK GRAHAM, et al.

                Plaintiff

v.

CYPRESS CAPITAL GROUP, et al

                Defendant

### SUMMONS IN A CIVIL CASE

TO: (Name and address of defendant)

Raymond C. O'Brien
c/o Scott Flint, Esq.,
Broad and Cassel
100 N Tampa St. Ste 3500
Tampa, Florida 336025869

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Howard K. Coates, Jr., Esquire
MCDONALD HOPKINS LLC
505 S. Flagler Drive
Suite 300
West Palm Beach, FL 33401
Telephone: (561) 472-2121
Facsimile: (561) 472-2122

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Clarence Maddox**
CLERK OF COURT                                                                       DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/2002) Summons in a Civil Case (Reverse)

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me [1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |
| *Check one box below to indicate appropriate method of service* | |

    G    Served personally upon the defendant. Place where served: _____

    _____

    G    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

    _____

    G    Returned unexecuted: _____

    _____

    _____

    G    Other (*specify*): _____

    _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                   Date                                                Signature of Server

                                                                                          _____
                                                                                          Address of Server

---

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/2002) Summons in a Civil Case

# UNITED STATES DISTRICT COURT

## Southern District of Florida

Case Number: _____

J. PENNOCK GRAHAM, et al.

                Plaintiff

v.

CYPRESS CAPITAL GROUP, et al

                Defendant

### SUMMONS IN A CIVIL CASE

TO: (Name and address of defendant)

Barry G. Hoyt
c/o Scott Flint, Esq.,
Broad and Cassel
100 N Tampa St. Ste 3500
Tampa, Florida 336025869

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Howard K. Coates, Jr., Esquire
MCDONALD HOPKINS LLC
505 S. Flagler Drive
Suite 300
West Palm Beach, FL 33401
Telephone: (561) 472-2121
Facsimile: (561) 472-2122

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Clarence Maddox**
CLERK OF COURT                       DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/2002) Summons in a Civil Case (Reverse)

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me [1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

G   Served personally upon the defendant. Place where served: _____
_____

G   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person with whom the summons and complaint were left: _____
_____

G   Returned unexecuted: _____
_____
_____

G   Other (*specify*): _____
_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL   $0.00 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                Date                            Signature of Server

                                         _____
                                         Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **J. PENNOCK GRAHAM**, as Co-Trustee of the J&B Graham Trust FBO Alexandra Graham, the Beata P. Graham Revocable Trust dated 5/23/1984, the Edna R. Graham Irrevocable Trust dated 12/21/1967, the Edna R. Graham Irrevocable Trust dated 8/18/1967, the James E. Graham QTIP Trust A-2, the James E. Graham Trust dated 6/19/1987 A-1, and the J&B Graham Trust FBO Jaime Graham, as Co-Trustee of the HS Wilson Trust FBO Julie Graham IM and the Alice Julie Gubb Wilson Tr JWG, and as former Co-Trustee of the HS Wilson Trust FBO Lawrence H. Wilson, and the Alice Julie Gubb Wilson Tr LHW; **BEATA P. GRAHAM**, as Beneficiary of the Beata P. Graham Revocable Trust dated 5/23/1984, the Edna R. Graham Irrevocable Trust dated 12/21/1967, the Edna R. Graham Irrevocable Trust dated 8/18/1967, and the James E. Graham QTIP Trust A-2; **ALEXANDRA GRAHAM**, as Beneficiary of the J&B Graham Trust FBO Alexandra Graham; **JAIME GRAHAM**, as Beneficiary of the J&B Graham Trust FBO Jaime Graham; **JULIE GRAHAM**, as Beneficiary of the HS Wilson Trust FBO Julie Graham IM and the Alice Julie Gubb Wilson Tr JWG; and, **LAWRENCE H. WILSON**, as Beneficiary of the HS Wilson Trust FBO Lawrence H. Wilson, and the Alice Julie Gubb Wilson Tr LHW, | CASE NO.: |
| Plaintiffs, | |
| vs. | |
| **CYPRESS CAPITAL GROUP, INC.**, a Florida corporation, Individually as a Registered Investment Adviser and as Co-Trustee of the J&B Graham Trust FBO Alexandra Graham, the Beata P. Graham Revocable Trust dated 5/23/1984, the Edna R. Graham Irrevocable Trust dated 12/21/1967, the Edna R. Graham Irrevocable Trust dated 8/18/1967, the James E. Graham QTIP Trust A-2, the James E. Graham Trust dated 6/19/1987 A-1, the J&B Graham Trust FBO Jaime Graham, the HS Wilson Trust FBO Julie Graham IM, the Alice Julie Gubb Wilson Tr JWG, the HS Wilson Trust FBO Lawrence H. Wilson, and the Alice Julie Gubb Wilson Tr LHW; **CYPRESS TRUST COMPANY**, a Florida corporation, as an advisory affiliate of Cypress Capital Group, Inc.; **RAYMOND C. O'BRIEN**, individually; and, **BARRY G. HOYT**, individually, | |
| Defendants. | |

{2451460:}

## COMPLAINT

Plaintiffs hereby sue defendants, **CYPRESS CAPITAL GROUP, INC.**, and **CYPRESS TRUST COMPANY**, and aver as follows:

## THE PARTIES

1. Plaintiff, **J. PENNOCK GRAHAM** ("Graham"), is an individual residing in Bucks County, State of Pennsylvania, is over the age of eighteen years, and otherwise sui juris. Graham brings this action as plaintiff in his capacity 1) as Co-Trustee of the J&B Graham Trust FBO Alexandra Graham, the Beata P. Graham Revocable Trust dated 5/23/1984, the Edna R. Graham Irrevocable Trust dated 12/21/1967, the Edna R. Graham Irrevocable Trust dated 8/18/1967, the James E. Graham QTIP Trust A-2, the James E. Graham Trust dated 6/19/1987 A-1, and the J&B Graham Trust FBO Jaime Graham (collectively "Graham Trusts"); 2) as Co-Trustee of the HS Wilson Trust FBO Julie Graham IM and the Alice Julie Gubb Wilson Tr JWG (collectively, "Wilson/Graham Trusts"); and 3) as former Co-Trustee of the HS Wilson Trust FBO Lawrence H. Wilson, and the Alice Julie Gubb Wilson Tr LHW (collectively, "Wilson Trusts) (the Graham Trusts, the Wilson/Graham Trusts, and the Wilson Trusts are collectively referred to herein as the "Trusts").

2. Plaintiff, **BEATA P. GRAHAM**, is an individual residing in the State of Pennsylvania, is over the age of eighteen years, is otherwise sui juris, and brings this action as plaintiff in her capacity as a Beneficiary of the Beata P. Graham Revocable Trust dated 5/23/1984, the Edna R. Graham Irrevocable Trust dated 12/21/1967, the Edna R. Graham Irrevocable Trust dated 8/18/1967, and the James E. Graham QTIP Trust A-2.

3. Plaintiff, **ALEXANDRA GRAHAM**, is an individual residing in the State of New York, is over the age of eighteen years, is otherwise sui juris, and brings this action as plaintiff in her capacity as a Beneficiary of the J&B Graham Trust FBO Alexandra Graham.

2

4.      Plaintiff, **JAIME GRAHAM**, is an individual residing in the State of Pennsylvania, is over the age of eighteen years, is otherwise sui juris, and brings this action as plaintiff in her capacity as a Beneficiary of the J&B Graham Trust FBO Jaime Graham.

5.      Plaintiff, **JULIE GRAHAM**, is an individual residing in the State of Pennsylvania, is over the age of eighteen years, is otherwise sui juris, and brings this action as plaintiff in her capacity as a Beneficiary of the HS Wilson Trust FBO Julie Graham IM and the Alice Julie Gubb Wilson Tr JWG.

6.      Plaintiff, **LAWRENCE H. WILSON**, is an individual residing in the State of Pennsylvania, is over the age of eighteen years, is otherwise sui juris, and brings this action as plaintiff in his capacity as a Beneficiary of the HS Wilson Trust FBO Lawrence H. Wilson, and the Alice Julie Gubb Wilson Tr LHW.

7.      Defendant, **CYPRESS CAPITAL GROUP, INC.** ("Cypress Capital"), is a Florida corporation, with its principal place of business located at 218 Royal Palm Way, Palm Beach, Florida 33480, and is an investment adviser registered under and subject to the Investment Advisers Act of 1940 [15 U.S.C Section 80b-6] (the "Investment Advisers Act") and Rules 204-3 and 206(4)-4 [17 CFR Sections 275.204-3 and 275.206-4].

8.      Defendant, **CYPRESS TRUST COMPANY** ("Cypress Trust"), is a Florida corporation, with its principal place of business located at 218 Royal Palm Way, Palm Beach, Florida 33480, and is an advisory affiliate of Cypress Capital.

9.      Defendant, **RAYMOND C. O'BRIEN** ("O'Brien"), is an individual residing in the State of Florida, is over the age of eighteen years, and is otherwise sui juris.

10.     Defendant, **BARRY G. HOYT** ("Hoyt"), is an individual residing in the State of Florida, is over the age of eighteen years, and is otherwise sui juris.

3

## JURISDICTION

11.     This action is brought pursuant to Sections 206 and 215 of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-6, 80b-15.

12.     This Court has original jurisdiction pursuant to 15 U.S.C. § 80b-14 and 28 U.S.C. § 1331.

13.     In addition, this is an action within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. §1332(a) in that the matter in controversy has a monetary value in excess of $75,000.00 exclusive of interest and costs and the dispute is between individuals and corporations of diverse states.

14.     Venue is proper in this District pursuant to 28 U.S.C. §1391 as the actions giving rise to the causes of action asserted herein occurred in this District.

## GENERAL ALLEGATIONS

15.     At all times material hereto, Plaintiff Graham served as a co-trustee of the Trusts, which were a group of family trusts created at times in the past for the benefit of various of the other named plaintiffs, along with an institutional trustee.

16.     Prior to March 1, 2006, Plaintiff Graham engaged in discussions with defendants Cypress Capital and Cypress Trust regarding defendant Cypress Capital serving as co-trustee and as investment adviser to the various family trusts.

17.     On or about March 1, 2006, defendant Cypress Capital agreed to its appointment as co-trustee of the Graham Trusts and the Wilson Trusts, as successor to Bessemer Trust Company in the case of the Graham Trusts, the previous institutional co-trustee for such trusts, and to serve as investment adviser to the foregoing trusts.

18. On or about February 23, 2007, defendant Cypress Capital agreed to its appointment as co-trustee of the Graham Trusts, as successor to Bessemer Trust Company, the previous institutional co-trustee, and to serve as investment adviser to the foregoing trusts.

19. At all times relevant hereto, defendant Cypress Capital charged to the Trusts fees, commissions, and other charges for its investment advisory services.

20. At all times relevant hereto, defendant Cypress Capital, and its respective officers and directors, and its investment advisory affiliate Cypress Trust were required to disclose to its clients and prospective clients any information that would be material to such persons in deciding whether to engage its investment services, including such information as is required to be disclosed in Form ADV regarding disciplinary history.

21. Such information is required to be disclosed in writing to clients not just by the registered advisory firm, but also by its "advisory affiliates," which includes its officers and directors and any company such as Cypress Trust directly or indirectly controlled by it.

22. Section 206 (4) - 4 of the Investment Advisers Act also makes it illegal "to fail to disclose to any client or prospective client all material facts with respect to . . . a legal or disciplinary event that is material to an evaluation of the adviser's integrity or ability to meet contractual commitments to clients."

23. The entering of an order and the imposition of a payment penalty by the SEC against any of Cypress Capital's officers and directors is deemed to be particularly material, just as the failure to disclose such a major disciplinary event is deemed to be particularly fraudulent.

24. Cypress Capital, and its advisory affiliates, including Cypress Trust, Raymond C. O'Brien, Barry G. Hoyt and its other officers and directors, acted illegally under the Investment Advisers Act by failing to disclose to plaintiffs, that Mr. O'Brien, a director, President, Chief Executive Officer, and Chief Investment Officer, was himself the subject of such an SEC order and penalty.

25. As announced by the SEC on June 4, 1999, an Order of Permanent Injunction and Other Relief was entered against Mr. O'Brien restraining and enjoining him from further violations of the securities laws, and ordering his disgorgement of $829,761.00. Cypress Capital and its officers and directors, including Messrs. O'Brien and Hoyt, and its advisory affiliate Cypress Trust, also violated their fiduciary duties by failing to disclose to plaintiffs such material information regarding a person having control of their trust investment accounts. Upon information and belief, defendants' material non-disclosures to plaintiffs were part of a larger pattern of material non-disclosures by officers and directors of Cypress to purchasers of their Cypress stock and debt to serve the interests of defendants at the expense of making full and necessary disclosure to plaintiffs.

26. In addition, upon information and belief, Mr. O'Brien failed to disclose his disciplinary history to the CFA Institute, which ultimately led to his expulsion from the Institute in 2007 for violations of the CFA Code of Ethics and Standards of Professional Conduct . This omission also misled plaintiffs to believe that Mr. O'Brien was a member in good standing with that organization since his initial membership in 1979 when he was, in fact, subject to disqualification because of his undisclosed SEC sanctions. This fact, which Barry G. Hoyt and the other officers and directors of Cypress either knew or had a fiduciary duty to know, also should have been disclosed to plaintiffs. Instead, Mr. Hoyt expressly misrepresented to Plaintiffs that Mr. O'Brien was a member in good standing of the CFA Institute as another means of inducing them to engage the defendants.

27. As a result of defendants' conduct, plaintiffs have been required to retain the undersigned counsel and are obligated to pay a reasonable fee for services rendered.

## COUNT I –VIOLATION OF INVESTMENT ADVISERS ACT

28.     Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 27, above.

29.     Under Section 206(2) of the Investment Advisers Act, 15 U.S.C. §80b-6, defendants Cypress Capital, Cypress Trust, O'Brien, and Hoyt at all times relevant hereto, were prohibited from among other things, engaging in "any transaction, practice or course of business that operate[d] as a fraud or deceit" on the plaintiffs.

30.     Rule 204-3 of the Investment Advisers Act provides that "an investment adviser….shall….furnish each advisory client with a written disclosure statement which may be either a copy of Part II of its Form ADV….or a written document containing at least the information so required by Part II of Form ADV….An investment adviser…shall deliver the statement required by this section to an advisory client or prospective advisory client (i) not less than 48 hours prior to entering into any written or oral investment advisory contract with such client or prospective client….and annually [thereafter] shall, without charge, deliver or offer in writing to deliver…the statement required to each of its clients."

31.     Form ADV in relevant part specifically requires the disclosure of any disciplinary actions against the adviser or its representatives.

32.     Rule 206(4) -4 of the Investment Advisers Act also provides that "it shall constitute a fraudulent, deceptive, or manipulative act…for any investment adviser registered under the Act to fail to disclose to any client or prospective client all material facts with respect to….a legal or disciplinary event that is material to an evaluation of the adviser's integrity…." The Rule further provides that any finding pursuant to an administrative proceeding that a representative of the adviser was involved in a violation of securities laws is presumed to be material. [17 CFR Sections 275.206-4]

7

33. In violation of the Investment Advisers Act, defendants Cypress Capital, Cypress Trust, O'Brien, and Hoyt failed to furnish plaintiffs with Part II of its Form ADV or any similar disclosure statement either before or subsequent to their entering into an investment advisory contract. Further, defendant Cypress Capital and its "advisory affiliates," including Cypress Trust, as defined under the Investment Act, failed to disclose to the plaintiffs the highly material fact that the defendant Cypress Capital's President, Chief Executive Officer, and Chief Investment Officer was himself the subject of a Securities and Exchange Commission Order of Permanent Injunction and Other Relief restraining and enjoining him from further violations of the securities laws and ordering his disgorgement of $829,761.

34. By engaging in the foregoing conduct complained of, defendants Cypress Capital, Cypress Trust, O'Brien, and Hoyt have violated §206(2), (3), and (4) of the Investment Advisers Act.

35. Under Section 215 of the Investment Advisers Act, 15 U.S.C. §80b-15, investment adviser contracts between plaintiffs and defendants Cypress Capital and its advisory affiliate Cypress Trust are void; and, as a result, plaintiffs are entitled to rescission of the contracts and restitution of all consideration given by plaintiffs to defendants Cypress Capital and it advisory affiliate, Cypress Trust..

**WHEREFORE**, plaintiffs demand the entry of a judgment in their favor and against defendants Cypress Capital, Cypress Trust, O'Brien, and Hoyt: 1) voiding the investment adviser contracts between plaintiffs and defendants Cypress Capital and its advisory affiliate Cypress Trust ; 2) requiring defendants Cypress Capital and its advisory affiliate Cypress Trust to disgorge all consideration given under the investment adviser contracts; 3) awarding attorneys' fees and costs to plaintiffs; and, 4) granting such other and further relief as the Court deems just and proper.

## COUNT II-BREACH OF FIDUCIARY DUTY

36.     Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 27, above.

37.     Plaintiffs bring this claim and as a result of harm caused to the Trusts by the actions of defendants Cypress Capital, as a registered investment adviser, its advisory affiliate Cypress Trust, O'Brien, and Hoyt.

38.     At all times relevant hereto, defendants Cypress Capital, Cypress Trust, O'Brien, and Hoyt owed a fiduciary duty to plaintiffs to act with the requisite duties of care, diligence, and loyalty required under Florida statutory and common law.

39.     As a result of the actions and omissions of defendants Cypress Capital, Cypress Trust, O'Brien, and Hoyt, they have breached their fiduciary duties to plaintiffs.

40.     In addition, defendants have billed the plaintiffs for certain charges relating to so-called "enhanced tax reporting" which are baseless, were never disclosed to, and should not have been charged to plaintiffs.

41.     As a result of the foregoing breach of fiduciary duties by defendants Cypress Capital, Cypress Trust, O'Brien, and Hoyt, plaintiffs have sustained damages.

42.     All conditions precedent to the bringing of this action have occurred.

**WHEREFORE**, plaintiffs demand judgment for damages against the defendants, Cypress Capital, Cypress Trust, O'Brien, and Hoyt, including attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable as of right.

Date: October 28th, 2010

MCDONALD HOPKINS LLC
Attorneys for Plaintiffs

_____
Howard K. Coates, Jr.
Florida Bar No. 0714305
505 S. Flagler Drive, Suite 300
West Palm Beach, FL 33401
Tel: (561) 472-2121
Fax: (561) 472-2122
hcoates@mcdonaldhopkins.com

Peter K. Blume, Esq.
Thorp Reed & Armstrong, LLP
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
412 394 7762
412 394 2555 Fax
pblume@thorpreed.com